IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EUGENE SMITH        * <br>        * <br>     Plaintiff     * <br>        * <br> VS.        * <br>        * <br> EAST ARKANSAS VIDEO, INC.        * <br>        * <br>     Defendant     * <br>        * | NO: 4:06CV001701 SWW |

## **ORDER**

Before the Court are Plaintiff's motion for a temporary restraining order (docket entry #2) and motion for appointment of counsel (docket entry #3). For the reasons that follow, Plaintiff's motions will be denied.

On December 18, 2006, Plaintiff Eugene Smith filed a *pro se* complaint against East Arkansas Video, Inc., seeking injunctive relief and $460,000,000 in damages. Plaintiff alleges that he entered contracts with Defendant for television and internet service, that his internet service has been disrupted and is unusable at times, and he has suffered "undue stress over [insecure] connections with banks, brokerages, and other internet business concerns." Docket entry #1, ¶ 10. Plaintiff sues Defendant for breach of contract, and he asserts, in a conclusory manner, that Defendant violated his constitutional rights and unspecified rules and regulations of the Federal Communications Commission.

Along with his complaint, Plaintiff filed a motion for a temporary restraining order commanding Defendant to "provide the services to Plaintiff in which he is paying for." Federal

Rule of Civil Procedure 65(b) provides, in pertinent part, as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Plaintiff makes no allegations indicating that he will suffer irreparable harm if a temporary restraining order is not granted, nor does he certify that he has attempted to give notice to Defendant regarding his application for a temporary restraining order. Accordingly, the motion for a temporary restraining order will be denied.

Plaintiff also requests that the Court appoint counsel to represent him in this case. It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Plaintiff's claims against Defendant do not appear legally or factually complex, and the Court finds that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that Plaintiff's motion for a temporary restraining order (docket entry #2) and motion for appointment of counsel (docket entry #3) are DENIED.

IT IS SO ORDERED THIS 20TH DAY OF DECEMBER, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE