IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EUGENE SMITH

        Plaintiff

VS.                                  NO: 4:06CV001701 SWW

EAST ARKANSAS VIDEO, INC.

        Defendant

## **ORDER**

Plaintiff Eugene Smith ("Smith") brings this action against East Arkansas Video, Inc. ("EAV") , claiming that EAV violated several of his federal rights by failing to provide him adequate internet service. Smith also brings supplemental claims against EAV under state contract and tort law. Before the Court are Smith's second motion for appointment of counsel (docket entry #24) and EAV's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) (docket entry #18). The time for responding to EAV's motion has passed, and Smith has failed to file a response. After careful consideration, and for the reasons that follow, Smith's motion for appointment of counsel will be denied, and EAV's motion for judgment on the pleadings will be granted.

**I.**

On December 18, 2006, Smith commenced this action, *pro se*, seeking injunctive relief and $460,000,000 in damages. Smith alleges that he entered contracts with EAV for television

1

and internet service, that his internet service has been disrupted and is unusable at times, and he has suffered "undue stress over insecure connections with banks, brokerages, and other internet business concerns." Docket entry #1, ¶ 10. Smith further alleges that EAV gave him false and misleading information and that an EAV employee assaulted him. Based on these allegations, Smith sues EAV for violations of the Sherman Act, 15 U.S.C. § 1; 42 U.S.C. § 1983; unspecified rules and regulations of the Federal Communications Commission; the Americans with Disabilities Act; and state law.

## II.

Smith requests that the Court appoint counsel to represent him in this case. It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). For the reasons stated in the order entered December 20, 2006, denying Smith's first motion for appointment of counsel, the Court finds that appointment of counsel is not warranted in this case.

## III.

The standards of review for motions to dismiss under 12(b)(6) and 12(c) are identical.[1] *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Accordingly, the Court must determine whether any of Smith's allegations establish a cause of action entitling legal relief. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d. 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold Smith's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v.*

---

[1] Both 12(b)(6) and 12(c) motions challenge the legal sufficiency of the opposing party's pleadings. *See* F. Rule Civ. P 12(c). However, unlike a 12(b)(6) motion, a 12( c) motion is brought after the pleadings have been closed. *Id*. Additionally, 12(b)(6) motions are made by a party who is the object of a claim, but a 12(c) motion may be made by either party.

*Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to Smith's factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). To state a claim for relief, a *pro se* pleading must set forth allegations sufficient to state a claim as a matter of law and must not contain merely conclusory allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

<u>Sherman Act</u>

In paragraph 13 of the complaint, Smith alleges: "Defendant violated Plaintiff['s] rights under 15 U.S.C. § 1." Section 1 of the Sherman Act, 15 U.S.C. § 1, addresses concerted action and prohibits a contract, combination, or conspiracy in restraint of trade. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 767 (1984)(citing *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 761 (1984)). "The conduct of a single firm is governed by § 2 alone and is unlawful only when it threatens actual monopolization." *Id.* Here, Smith makes allegations regarding wholly unilateral, nonconspiratorial acts on the part of EAV which, even construed liberally, do not threaten actual monopolization or amount to an unreasonable restraint of trade. Accordingly, Smith fails to state a claim for relief under the Sherman Act.

<u>42 U.S.C. § 1983</u>

Smith alleges that EAV violated his First Amendment rights. Docket entry #1, ¶ 7. Title 42 U.S.C. § 1983 provides a remedy when a person acting under color of state law deprives an individual of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. Here, Smith fails to allege a factual basis for concluding that EAV violated any right guaranteed under the First Amendment. Additionally, Smith fails to allege facts indicating that EAV committed the complained-of conduct while acting "under color of state law." An

3

individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Roe v. Humke*, 128 F.3d 1213, 1216 (8th Cir. 1997). Here, nothing in the Complaint signals that EAV acted, or purported to act, pursuant to state law.[2] The Court finds that Smith fails to state a claim for relief under § 1983.

Federal Communications Commission Rules and Regulations

Smith alleges that EAV "violated FCC rules and regulations." Smith has no private right of action to enforce regulations promulgated by the Federal Communication Commission pursuant to the federal Telecommunications Act. *See Conboy v. AT & T Corp.*, 241 F.3d 242, 252 (2nd Cir 2001). Accordingly, he fails to state a claim for relief based on allegations that EAV violated unspecified FCC rules and regulations.

Americans with Disabilities Act

Smith alleges: "Plaintiff's rights [were] violated under the 1992 Disability Act." Docket entry #1, ¶ 18. The Americans with Disabilities Act of 1990 ("ADA") consists of five titles. Through the process of elimination, the Court finds that the only ADA provision that is potentially applicable in this case is Title III, which prohibits discrimination by private persons who own places of public accommodation. *See* 42 U.S.C. § 12182(a); *see also Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001)(holding that places of public accommodation under Title III are not limited to physical places, provided that a good or service is provided to the public).

---

[2] "'The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for the purposes of the Fourteenth Amendment.'" *Occhino v. Northwestern Bell Tel. Co.* 675 F.2d 220, 225 (8th Cir. 1982)(quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974)).

"A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." *Amir v. St. Louis University,* 184 F.3d 1017, 1027 (8th Cir.1999)(citations omitted). Here, even assuming that EAV qualifies as a private person who owns a place of public accommodation, Smith fails to allege that he is an individual with a disability, that EAV took adverse action against him based on that disability, and that EAV failed to make reasonable accommodations. The Court finds that Smith has failed to state a claim for relief under the ADA.

<u>State Law Claims</u>

Having determined that Smith fails to state a claim for relief with respect to his claims over which the Court has original jurisdiction, the Court will dismiss Smith's supplemental state-law claims without prejudice, pursuant to 28 U.S.C. § 1367(c).

**IV.**

For the reasons stated, Plaintiff's motion for appointment of counsel (docket entry #24) is DENIED, Defendant's motion for judgment on the pleadings (docket entry #18) is GRANTED, and this case is dismissed in its entirety. Plaintiff's claims brought pursuant to the Court's federal question jurisdiction are DISMISSED WITH PREJUDICE, and Plaintiff's supplemental, state-law claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 4TH DAY OF APRIL, 2007.

                                              <u>/s/Susan Webber Wright</u>
                                              UNITED STATES DISTRICT JUDGE